# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM LLC; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACK LY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Gordon D. Schaber County Courthouse
720 9th Street, Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JACK LY, (916) 835-7533, 6242 Lemon Hill Ave., Apt. 36, Sacramento, CA 95824

DATE: OCT 2 1 2022
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*  B. PRASAD  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# EXHIBIT B

JACK LY
6242 Lemon Hill Avenue, Apt. #36
Sacramento, CA 95824
Tel: (916) 835-7533

In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

JACK LY, an individual,

    Plaintiff(s),

vs.

AMAZON.COM LLC; and DOES 1
through 50, inclusive

    Defendant(s).

Case No:

PLAINTIFF JACK LY'S COMPLAINT FOR
DAMAGES FOR:

1. WRONGFUL TERMINATION OF
   EMPLOYMENT;

2. HOSTILE WORK ENVIRONMENT;

3. DISCRIMINATION ON THE BASIS
   OF DISABILITY IN VIOLATION OF
   ACT 42 U.S.C. §§ 12112;

4. FAILURE TO PROVIDE
   REASONABLE ACCOMMODATION
   FOR DISABILITY IN VIOLATION
   OF THE AMERICAN'S WITH
   DISABILITIES ACT 42 U.S.C. §§
   12112;

5. FAILURE TO PREVENT
   UNLAWFUL DISCRIMINATION IN
   VIOLATION OF FAIR
   EMPLOYMENT AND HOUSING
   ACT  2 CCR § 11064;

1
PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

6. WRONGFUL CONSTRUCTIVE
TERMINATION OF EMPLOYMENT
IN VIOLATION OF PUBLIC
POLICY;

7. VIOLATION OF LABOR CODE §
1102.5; and

8. INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS

DEMAND FOR JURY TRIAL

UNLIMITED CIVIL CASE

Plaintiff, JACK LY is informed and believes and thereon alleges as follows:

## I.   SUMMARY

1.     This is an action by plaintiff, Jack Ly (hereinafter "Plaintiff"), whose employment with defendant, AMAZON.COM LLC (hereinafter "Defendant Amazon") was wrongfully terminated.  Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## II.   PARTIES & JURISDICTION

2.     Plaintiff is at all times mentioned in this complaint is a resident of the instant county of Sacramento, California

3.     Defendant Amazon is and at all times mentioned in this complaint, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Sacramento. Defendant Amazon's place of business, where the

1  following causes of action took place, was and is in the County of Sacramento, at 4900 W. Elkhorn

2  Blvd., Sacramento, CA 95834.  Defendant Amazon both directly and/or indirectly employed Plaintiff,

3  as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section

4  12926(d).  In addition, Defendant Amazon compelled, coerced, aided, and abetted discrimination,

5  which is prohibited under California Government Code section 12940(i).

6

7      4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as

8  DOES 1 through 50, inclusive, and therefore sues these defendants by these fictitious names.

9  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

11  are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as

12  herein alleged were proximately caused by those defendants.

13

14      5.      Defendant Amazon and DOES 1 through 50 will hereinafter be collectively referred to

15  as "Defendants".

16      6.      Plaintiff is informed and believes and thereon alleges that at all times material to this

17  complaint, each of the Defendants, in addition to acting for himself, herself, or itself and on his, her,

18  or its own behalf individually, is and was acting as the agent, servant, employee and representative

19  of, and with the knowledge, consent and permission of, and in conspiracy with, each and all of the

20  Defendants and within the course, scope and authority of that agency, service, employment,

21  representation, and conspiracy.  Plaintiff further alleges on information and belief that the acts of

22  each of the Defendants were fully ratified by each and all of the Defendants.  Specifically, and

23  without limitation, Plaintiff alleges on information and belief that the actions, failures to act,

24  breaches, conspiracy, and misrepresentations alleged herein and attributed to one or more of the

25  specific Defendants were approved, ratified, and done with the cooperation and knowledge of each

26

27

28

PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

and all of the Defendants.

### III.   FACTS COMMON TO ALL CAUSES OF ACTION

7.    Plaintiff is an average individual and began working for Defendants on or about January 01, 2020.  Plaintiff always performed his duties above expectations, was well liked by others, and excelled in his position.

8.    Plaintiff is bringing this action against Defendants for wrongful termination on the erroneous basis of missing too many work hours despite Defendants' awareness that Plaintiff was unable to receive mental health treatment at a hospital during an emergency schizophrenic episode during COVID-19.  Plaintiff experienced mild onsets of symptoms of schizophrenia and was mentally delusional approximately one month prior to the psychosis episode which resulted in his termination on or about May 01, 2020.  Defendants' human resources department refused to help during a contentious argument which occurred prior to being terminated when Plaintiff was reporting symptoms of schizophrenic defects (hallucinations, paranoia, & mood disorder).  Additionally, there were multiple incidents with Defendants' security guards, who did not offer 911 emergency medical assistance when Plaintiff was in need and while Plaintiff was on his shift.  Plaintiff informed human resources about his disability and was still unable to receive any type of assistance besides calling a workers hotline in which Plaintiff was unable to coherently utilize during his time of need.  Plaintiff did not make a habit of missing work until the deterioration of the work environment described above.

9.    On or about May 01, 2020, Plaintiff was terminated by Defendants for missing too many work hours despite full knowledge that Plaintiff was unable to obtain mental health treatment in the contexts described above thereby giving rise to the instant claim for constructive termination in

actual discrimination against Plaintiff and in failure to provide reasonable accommodation for his disability.

10.    As a consequence of Defendants' actions, Plaintiff suffered and will suffer harm, including lost past and future income and employment benefits, damage to his reputation, career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

11.    As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

12.    Defendants' conduct constitutes oppression, fraud, and malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

13.    Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of his protected status, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

14.    In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff resulted because of his race, national origin, color, sexual orientation, marital status, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in

knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

15.     In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including Defendants' asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive him of his legal rights.

16.     Plaintiff has incurred and continues to incur legal expenses and fees associated with the instant matter.

17.     Prior to the filing of this action, the Plaintiff exhausted all of his administrative remedies by filing an appeal with the organization as well as a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a right to sue letter.

## IV.   **FIRST CAUSE OF ACTION**

(Discrimination on Basis of Disability)
(Against All Defendants)

18.     Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

19.     At all times herein, FEHA, Government Code section 12955(a) through (d), was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from unlawful discrimination on the basis of disability. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

20.     As identified herein, during Plaintiff's employment with the Defendants' organization, Defendants engaged in actions that constituted unlawful discrimination on the basis of disability thereby causing the wrongful termination of Plaintiff.

21.    All of these actions were taken against Plaintiff's will and despite Plaintiff's protests. These acts of misconduct occurred throughout the period of employment of Plaintiff up through the wrongful termination of Plaintiff on or about May 1, 2020 and the exhaustion of the administrative and appeal procedures provided afterwards.  Defendants took no action to prevent the unlawful discrimination against Plaintiff on the basis of mental health accommodations.

22.    As a proximate result of Defendants willful, knowing, and intentional discrimination against Plaintiff on the basis of disability, Plaintiff has sustained and continues to sustain damages including losses of earnings and benefits, according to proof.

23.    As a proximate result of willful, knowing, and intentional discrimination against Plaintiff on the basis of disability, Plaintiff has sustained and continues to sustain embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in a sum, according to proof.

24.    Defendants unequal treatment on the basis of disability was done intentionally, in a malicious, oppressive, and fraudulent manner, entitling Plaintiff to punitive damages.

25.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this complaint when the amounts are known.

## V.    SECOND CAUSE OF ACTION

(Hostile Work Environment (Government Code § 12955 (a), (d))
(Against All Defendants)

26.    Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

27.    At all times herein mentioned, FEHA, Government Code § 12955 (a) and (d) was in full force and effect and was binding on Defendants. This statute requires Defendants to abstain from

maintaining hostile work environments. Within the time period provided by Defendants, Plaintiff filed the appropriate complaints with the Defendants' organization(s) administrators and received no remedy to their grievances.

28.    As identified herein, during Plaintiff's employment with Defendants, Defendants engaged in actions that constituted hostile work environment for Plaintiff including but not limited to subjecting him to lack of supervision and attention during disputes which exasperated mental health issues of Plaintiff, thereby creating a hostile work environment.

29.    All of these actions were taken to the detriment of Plaintiffs health and well-being to instead further the nominal interests of Defendants to avoid providing the appropriate level of supervision and attention to its employees. The acts of misconduct continued consistently throughout Plaintiff's time of employment, through his termination, and even after subsequent appeals processes.

30.    As a proximate result of Defendants' willful, knowing, and intentional maintenance of a hostile work environment, Plaintiff has sustained and continues to sustain damages including losses of earnings and benefits, according to proof.

31.    As a direct and proximate result of Defendants' willful, knowing, and intentional maintenance of a hostile work environment, Plaintiff has suffered and continues to suffer embarrassment and emotional distress in addition to mental and physical pain and anguish, all to his damage in a sum according to proof.

32.    Defendants' maintenance of a hostile work environment and reckless disregard for the health and well-being of Plaintiff was done intentionally and in a malicious, oppressive, and fraudulent manner, entitling Plaintiff to punitive damages.

///

///

8

33.     Plaintiff has incurred and continues to incur legal expenses and costs pursuing the instant matter. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this complaint when the amounts are known.

## VI.     THIRD CAUSE OF ACTION

(Wrongful Constructive Termination of Employment)
(Against All Defendants)

34.     Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

35.     Defendants termination of Plaintiff's employment was in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of his protected status. These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

36.     As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

37.     As a result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered general and special damages in sums according to proof.

38.     Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

39.     Plaintiff has incurred and continues to incur expenses and fees pertaining to this matter.  Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.*, Plaintiff is entitled to recover reasonable costs and fees in an amount according to proof.

///

## VII.   FOURTH CAUSE OF ACTION

(Failure to Provide Reasonable Accommodation)
(Against All Defendants)

40.    Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

41.    Defendants are obligated under the Americans with Disabilities Act 42 U.S.C. § 12101 to provide reasonable accommodation to individuals with disabilities so long as the disability does not interfere with the performance of the duties and obligations of the position.

42.    In the instant matter, Plaintiff was in need of mental health treatment, which was made well aware to Defendants, and because of Plaintiff's inability to receive these services, he was terminated for missing more work hours than usual, thereby resulting in the wrongful constructive termination of Plaintiff under the premise of missing too many working hours.

43.    The misconduct of Defendants strictly goes against the requirements of the ADA to provide reasonable accommodation for individuals with disabilities, which was clearly not provided in this case and continues not to be provided through the instant moment.

44.    As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof with all facts disputed to be determined in a trial by jury.

45.    As a result of Defendants' wrongful termination of Plaintiff's employment, he has suffered general and special damages in sums according to proof.

46.    As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in a

PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

1    sum according to proof.

2        47.    Defendants' wrongful termination of Plaintiff's employment was done intentionally,

3    in a malicious, fraudulent, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

4        48.    Plaintiff has incurred and continues to incur expenses and fees pertaining to this

5    matter. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., Plaintiff is entitled to

6

7    recover reasonable costs and fees in an amount according to proof.

8                           VIII.   FIFTH CAUSE OF ACTION

9                        (Failure to Prevent Unlawful Discrimination)

10                              (Against All Defendants)

11       49.    Plaintiff realleges and incorporates by reference all of the above allegations as though

12   set forth herein in full.

13       50.    Defendants were notified of Plaintiffs conditions on numerous occasions and still

14   intentionally chose to act with reckless disregard to the health and well-being of Plaintiff as described

15

16   previously.

17       51.    In doing so, Defendants breached their obligations to prevent unlawful discrimination

18   as provided in Act 2 CCR § 11064.

19

20       52.    As a result of Defendants' unlawful discrimination against Plaintiff, he has suffered

21   general and special damages in sums according to proof.

22       53.    As a proximate result of Defendants' unlawful discrimination against Plaintiff

23   throughout the course of his employment in violation of fundamental public policies, Plaintiff has

24   suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and

25   anguish, all to his damage in a sum according to proof.

26       54.    Defendants' discrimination against Plaintiff during his time of employment was done

27

28   intentionally, in a malicious, fraudulent, oppressive, fraudulent manner, entitling Plaintiff to punitive

                                        11
                    PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

damages.

55.     Plaintiff has incurred and continues to incur expenses and fees pertaining to this matter.  Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.*, Plaintiff is entitled to recover reasonable costs and fees in an amount according to proof.

IX.     **SIXTH CAUSE OF ACTION**

(Failure to Prevent Unlawful Discrimination)
(Against All Defendants)

56.     Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

57.     Defendants terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of his protected status. These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

58.     As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

59.     As a result of Defendants' wrongful termination of his employment, Plaintiff has suffered general and special damages in sums according to proof.

60.     Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

61.     Plaintiff has incurred and continues to incur expenses and fees pertaining to this matter. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.*, Plaintiff is entitled to recover reasonable costs and fees in an amount according to proof.

## X.    SEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 1102.5, et seq.)
### (Against All Defendants)

62.    Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

63.    At all relevant times, Labor Code section 1102.5 was in effect and was binding on Defendants. The statute prohibits Defendants from retaliating against any employee, including Plaintiff, for raising complaints pertaining to their employment rights.

64.    Plaintiff raised complaints as to the conditions of employment while he worked for defendants and defendants retaliated against him by discriminating against him, harassing him, and taking adverse employment actions, including employment termination against him.

65.    As a proximate result of Defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage, in a sum according to proof.

66.    As a result of Defendants' adverse employment actions against Plaintiff, he has suffered general and special damages in sums according to proof.

67.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

## XI.    EIGHT CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

68.    Plaintiff realleges and incorporates by reference all of the above allegations as though set forth herein in full.

///

13
PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

69.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

70.     Defendants are well aware that neglecting the mental health treatment issues of employees in the manner alleged above, including depriving the Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

71.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

72.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

73.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.   For general and special damages according to proof;

b.   For exemplary damages, according to proof;

c.   For pre-judgment and post-judgment interest on all damages awarded;

d.   For reasonable fees associated with filing;

e.   For costs of suit incurred;

f.   For declaratory relief; and

g.   For such other and further relief as the Court may deem just and proper.

PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

1  ADDITIONALLY, Plaintiff demands a trial of this matter by jury. The amount demanded exceeds
2  $25,000.00 (Government Code § 72055).

3  Date: 8-25-2022
4
5
6  _____
   JACK LY, In Pro Per
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15
PLAINTIFF JACK LY'S COMPLAINT FOR DAMAGES

# EXHIBIT C

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:   Gordon D Schaber Courthouse<br><br>PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:   Ly vs. Amazon.com LLC | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br><br>34-2022-00328670-CU-WT-GDS |

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 07/28/2023 in Department 43 in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

#### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

#### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

#### Remote Appearances

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

#### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**          Page: 1

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/21/2022

_____

Thadd A. Blizzard , Judge of the Superior Court

# EXHIBIT D



# CSC

## Notice of Service of Process

null / ALL
**Transmittal Number: 26263784**
**Date Processed: 01/24/2023**

| | |
|---|---|
| Primary Contact: | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| Electronic copy provided to: | Lizette Fernandez<br>Stephanie Habben<br>Maria Catana<br>Lacy O'Block<br>Rochelle Lewis<br>Karen Curtis<br>Vivian Ching<br>Arianna Smogard<br>Luana Kooker<br>Theresa Nixon<br>Kimberly Thomas<br>Lynn Foley-Jefferson<br>Sara Rawson |

| | |
|---|---|
| Entity: | Amazon.com LLC<br>Entity ID Number 1933520 |
| Entity Served: | Amazon.com LLC |
| Title of Action: | Jack Ly vs. Amazon.Com LLC |
| Matter Name/ID: | Jack Ly vs. Amazon.Com LLC (13519274) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Sacramento County Superior Court, CA |
| Case/Reference No: | 34-2022-00328670 |
| Jurisdiction Served: | Washington |
| Date Served on CSC: | 01/23/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Jack Ly<br>916-835-7533 |
| Client Requested Information: | Amazon Case Type: Employment Litigation |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT E



# Notice of Service of Process

CHS / ALL
Transmittal Number: 26359026
Date Processed: 02/09/2023

| | |
|---|---|
| Primary Contact: | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| Electronic copy provided to: | Lizette Fernandez<br>Stephanie Habben<br>Maria Catana<br>Lacy O'Block<br>Rochelle Lewis<br>Karen Curtis<br>Vivian Ching<br>Arianna Smogard<br>Luana Kooker<br>Theresa Nixon<br>Kimberly Thomas<br>Lynn Foley-Jefferson<br>Sara Rawson |

| | |
|---|---|
| Entity: | Amazon.com LLC<br>Entity ID Number 1933520 |
| Entity Served: | Amazon.com LLC |
| Title of Action: | Jack Ly vs. Amazon.com LLC |
| Matter Name/ID: | Jack Ly vs. Amazon.Com LLC (13519274) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Sacramento County Superior Court, CA |
| Case/Reference No: | 34-2022-00328670-CU-WT-GDS |
| Jurisdiction Served: | Washington |
| Date Served on CSC: | 02/08/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Jack Ly<br>916-835-7533 |
| Client Requested Information: | Amazon Case Type: Employment Litigation |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT F

1   Britney N. Torres, Bar No. 287019
    btorres@littler.com
2   Lauren J. Orozco, Bar No. 332880
    lorozco@littler.com
3   LITTLER MENDELSON, P.C.
    500 Capitol Mall
4   Suite 2000
    Sacramento, California  95814
5   Telephone:    916.830.7200
    Fax No.:      916.561.0828
6
    Attorneys for Defendant
7   AMAZON.COM SERVICES LLC
    erroneously sued as AMAZON.COM LLC
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SACRAMENTO

11

12   JACK LY,                          | Case No.  34-2022-00328670-CU-WT-GDS

13              Plaintiff,             | **DEFENDANT AMAZON.COM
                                        SERVICES LLC'S ANSWER TO
14        v.                           UNVERIFIED COMPLAINT**

15   AMAZON.COM LLC; and DOES 1 through 50,
     inclusive,
16                                     | Complaint Filed:  October 20, 2022
                Defendants.
17

18

19        Defendant AMAZON.COM SERVICES LLC sued erroneously as AMAZON.COM LLC

20   ("Defendant") hereby answers Plaintiff JACK LY's ("Plaintiff") unverified Complaint for

21   Damages ("Complaint") as follows:

                              **GENERAL DENIAL**
22
          Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant
23
     denies, generally and specifically, each and every allegation contained in Plaintiff's unverified
24
     Complaint, and denies the Complaint as a whole as it relates to Defendant.  Defendant further
25
     denies, generally and specifically, that Plaintiff has been injured in any amount by reason of any
26
     act or omission of Defendant or by anyone acting on Defendant's behalf or at its direction.
27
          Without waiving or excusing any of Plaintiff's own burdens of proof and production of
28
     evidence, Defendant alleges the following separate and distinct defenses to each of the purported

LITTLER MENDELSON,
P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

causes of action set forth in the Complaint:

## FIRST DEFENSE

### (Failure to State a Claim)

1.      Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon facts sufficient to constitute a valid cause of action against Defendant and/or fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Equitable Defenses - All)

2.      Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred by the equitable doctrines of estoppel, consent, waiver, unclean hands, and/or laches, as a result of, without limitation, Plaintiff's own acts and/or omissions.

## THIRD DEFENSE

### (Statute of Limitations)

3.      Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred by the applicable statutes of limitation, including, but not limited to, those set forth in Code of Civil Procedure sections 335.1, 338, 340, and 343, and Government Code sections 12960 and 12965.

## FOURTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

4.      Defendant alleges, based on information and belief, that the Complaint falls outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the jurisdictional prerequisites to bringing this lawsuit by exhausting the available administrative remedies as required by law.

## FIFTH DEFENSE

### (Privileged Conduct)

5.      Defendant alleges, based on information and belief, that the actions alleged by Plaintiff, if they occurred, were privileged, including but not limited to the doctrine of managerial

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4888-0908-7823.1 / 114766-1062

2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

privilege.

## SIXTH DEFENSE

### (Legitimate Business Reason)

6.     While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that the conduct was not unlawful inasmuch as the conduct was based on legitimate business reasons and/or other non-discriminatory and/or non-retaliatory bases.

## SEVENTH DEFENSE

### (Business Necessity)

7.     While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that the conduct was undertaken for business necessity.

## EIGHTH DEFENSE

### (Defendant Acted in Good Faith and with Good Cause)

8.     Defendant alleges, based on information and belief, that that the Complaint, and each cause of action for relief set forth therein, cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

## NINTH DEFENSE

### (Mixed-Motive/Same Decision)

9.     While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that even if Plaintiff could establish that any of the allegations set forth in his Complaint were motivated by a potentially illegitimate motive based on Plaintiff's protected characteristics, that Defendant would have made the same decision and/or taken the same action even if it had not taken the alleged illegitimate motive into account.

LITTLER MENDELSON,
P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4888-0908-7823.1 / 114766-1062

3

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

1

**TENTH DEFENSE**

2

**(After-Acquired Evidence)**

3      10.      While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if

4   it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that

5   it would have made the same decision based on after-acquired evidence.

6

**ELEVENTH DEFENSE**

7

**(Plaintiff's Breach of Duties)**

8      11.      Defendant alleges, based on information and belief, that that the Complaint, and

9   each cause of action for relief set forth therein, are barred, in whole or in part, by Plaintiff's own

10   breach of duties owed to Defendant under California Labor Code sections 2853, 2854, 2856, 2857,

11   2858, and/or 2859.

12

**TWELFTH DEFENSE**

13

**(Workers' Compensation Preemption)**

14      12.      Defendant alleges, based on information and belief, that the Court lacks jurisdiction

15   over the subject matter of each of Plaintiff's claims for relief because the exclusive remedy for his

16   purported injuries lies under the California Workers' Compensation Act, Lab. Code § 3600, *et seq*.

17

**THIRTHEENTH DEFENSE**

18

**(At-Will Employment)**

19      13.      Defendant alleges, based on information and belief, that the Complaint, and each

20   cause of action for relief set forth therein, cannot be maintained against Defendant because Plaintiff

21   was an at-will employee at all times, with no entitlement to continued employment pursuant to

22   Section 2922 of the California Labor Code.

23

**FOURTEENTH DEFENSE**

24

**(Outside Course and Scope; No Ratification)**

25      14.      Defendant alleges, based on information and belief, that any and all conduct of any

26   and all individuals of the type alleged in the Complaint, if and to the extent that it occurred at all,

27   was outside the course and scope of such persons' agency and employment with Defendant and

28   was neither known to, nor ratified by, Defendant.

LITTLER MENDELSON,
P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4888-0908-7823.1 / 114766-1062

4

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

**FIFTEENTH DEFENSE**

**(Avoidable Consequences)**

15.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged by conduct legally attributable to Defendant, then Defendant alleges, based on information and belief, that Plaintiff's damages are barred, in whole or in part, by the avoidable consequences doctrine.

**SIXTEENTH DEFENSE**

**(Offset)**

16.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged by conduct legally attributable to Defendant, then Defendant alleges, based on information and belief, that any recovery to which Plaintiff might otherwise be entitled must be offset by any unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

**SEVENTEENTH DEFENSE**

**(Failure to Mitigate Damages)**

17.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged by conduct legally attributable to Defendant, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate his purported damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

**EIGHTEENTH DEFENSE**

**(Alleged Emotional Distress Caused by Outside Factors)**

18.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged by conduct legally attributable to Defendant, then Defendant alleges, based on information and belief, that if Plaintiff has suffered any emotional distress as alleged in his Complaint, such emotional distress was proximately caused by factors other than Plaintiff's employment or the actions of Defendant and/or anyone acting on Defendant's behalf.

4888-0908-7823.1 / 114766-1062

LITTLER MENDELSON,
P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

5

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

**NINETEENTH DEFENSE**

**(Punitive Damages)**

19.     Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the United States and California Constitutions.

**TWENTIETH DEFENSE**

**(Lack of Malice, Fraud, Oppression or Intent)**

20.     Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, Defendant lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, oppression, or ill intent towards Plaintiff.

**TWENTY-FIRST DEFENSE**

**(Corrective Action)**

21.     Defendant alleges, based on information and belief, that that the Complaint, and each cause of action for relief set forth therein, cannot be maintained against Defendants because, at all relevant times, Defendants took prompt and appropriate corrective action in response to Plaintiff's concerns, if any, thereby satisfying all legal obligations Defendant had to Plaintiff.

**TWENTY-SECOND DEFENSE**

**(No Unlawful Policy)**

22.     Defendant alleges, based on information and belief, that Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

**TWENTY-THIRD DEFENSE**

**(Not a Qualified Individual)**

23.     Defendant alleges, based on information and belief, that Plaintiff's claims for disability discrimination and failure to accommodate disability, and any related claims, are barred, in whole or in part, because he was not a qualified individual with a disability as defined by relevant law, nor was he regarded as a qualified individual with a disability.

4888-0908-7823.1 / 114766-1062

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

6

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

1                **TWENTY-FOURTH DEFENSE**

2        **(Failure to Request Reasonable Accommodation)**

3          24.     Assuming arguendo that Plaintiff is a qualified individual with a disability,

4 Defendant alleges that Plaintiff's claims for failure to accommodate and any related claims are

5 barred, in whole or in part, because Plaintiff failed to request a reasonable accommodation for his

6 alleged disability.

7                 **TWENTY-FIFTH DEFENSE**

8         **(Failure to Engage in Interactive Process)**

9          25.     Assuming arguendo that Plaintiff is a qualified individual with a disability,

10 Defendant alleges that Plaintiff's claims for failure to accommodate and any related claims are

11 barred, in whole or in part, because he did not initiate and/or fully participate in the interactive

12 process and/or exhaust his obligation with respect to identifying a reasonable accommodation.

13                 **TWENTY-SIXTH DEFENSE**

14               **(Undue Hardship)**

15          26.     Assuming arguendo that Plaintiff is a qualified individual with a disability,

16 Defendant alleges that Plaintiff's claims for failure to accommodate and any related claims are

17 barred, in whole or in part, because the accommodation suggested or requested by Plaintiff (if any)

18 was unreasonable and/or amounted to an undue hardship.

19               **TWENTY-SEVENTH DEFENSE**

20       **(Ambiguity of Claims; Reservation of Rights)**

21          27.     Defendant alleges that the Complaint is vague, ambiguous, indefinite, and uncertain;

22 therefore, Defendant reserves the right to amend or supplement the affirmative defenses asserted

23 herein, and to present evidence in support of different or additional defenses, upon ascertaining the

24 specific nature of the violations alleged.

25                    **<u>PRAYER</u>**

26         WHEREFORE, Defendant prays for judgment in its favor, and against Plaintiff, as follows:

27         1.     That the Complaint be dismissed with prejudice;

28         2.     That Plaintiff take nothing by virtue of this action;

LITTLER MENDELSON,
P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4888-0908-7823.1 / 114766-1062

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

1    3.    That judgment be entered in favor of Defendant;

2    4.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

3    5.    For such other and further relief as the Court may deem proper.

4    Dated: February 21, 2023

5                                                    LITTLER MENDELSON, P.C.

6

7                                                    _____
                                                     Britney N. Torres
8                                                    Lauren J. Orozco

9                                                    Attorneys for Defendant
                                                     AMAZON.COM SERVICES LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4888-0908-7823.1 / 114766-1062

8

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California  95814. On February 21, 2023, I served the within document(s):

**ANSWER TO COMPLAINT**

☒ **By U.S. Mail.**  B placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is lkahl@littler.com.

Jack Ly                                                    *Plaintiff In Pro Per*
6242 Lemon Hill Ave., # 36
Sacramento, CA  95824

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on February 21, 2023, at Sacramento, California.

*Laura Kahl*
_____
Laura Kahl

LITTLER MENDELSON,
P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4888-0908-7823.1 / 114766-1062

9

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO UNVERIFIED COMPLAINT